**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

ERIK PHILLIPS-NANIA

v.                                    Case No. 25-cv-137-JL-TSM

NEW HAMPSHIRE COMMISSION FOR
HUMAN RIGHTS and APPALACHIAN
MOUNTAIN CLUB d/b/a AMC HIGHLAND
CENTER AT CRAWFORD NOTCH

**REPORT AND RECOMMENDATION
ON PARTIES' PENDING MOTIONS**

Self-represented Plaintiff, Erik Phillips-Nania, claims that his former employer, the
Appalachian Mountain Club d/b/a AMC Highland Center at Crawford Notch, discriminated
against him, in violation of Title VII of the Civil Rights Act and the New Hampshire Law Against
Discrimination, RSA Chapter 354-A, by failing to accommodate his genuinely held religious
beliefs and terminating him from employment in retaliation for seeking a religious exemption to
AMC's COVID-19 policies.  See Doc. No. 3 at pgs. 185-91.[1]  On February 10, 2025, the New
Hampshire Commission for Human Rights ("NHCHR" or "Commission") issued a finding of "No
Probable Cause" on Phillips-Nania's administrative charge of discrimination against AMC, and on
March 11, 2025, Plaintiff filed a "Complaint" against NHCHR and AMC in Merrimack County
Superior Court.  See id. at pgs. 184, 194-98.  AMC subsequently removed the state action to this
court on the basis of federal question and supplemental jurisdiction.  Doc. No. 1.  The matter is

---

[1] Unless otherwise indicated, citations to page numbers for documents on the court's docket refer
to the court's CM/ECF numbering system located at the top of the page.

before the undersigned magistrate judge for a report and recommendation on a number of pending motions, which raise a threshold issue as to whether AMC properly removed the case to this court and present the question whether some or all of Plaintiff's claims must be remanded to state court.[2] For all the reasons detailed herein, this court concludes that Phillips-Nania's claims against AMC should remain in this court but that his claims against NHCHR should be remanded to the Merrimack County Superior Court. Specific rulings and recommendations on the parties' pending motions are set forth below and listed in the Conclusion to this Report and Recommendation.

## BACKGROUND

### *Plaintiff's Employment with AMC*

Defendant AMC operates a lodge in the White Mountains of New Hampshire, known as the Highland Center, which offers accommodations to outdoor enthusiasts. See Doc. No. 3 at pg. 185; Doc. No. 3-3 at pg. 60. This action arises from Phillips-Nania's employment at the Highland Center from July 24, 2022, through November 11, 2022, when AMC terminated his employment. See Doc. No. 3-3 at pgs. 60-62. At the time of Plaintiff's employment, AMC maintained a COVID-19 vaccination policy (the "COVID-19 Policy") under which it required COVID-19 vaccinations "for all employees without an approved exemption." Id. at pg. 158 (emphasis omitted). Pursuant to the COVID-19 Policy, all AMC staff members had to provide "verification of full vaccination to Human Resources" or obtain "an approved exemption based on a medical or religious accommodation request[.]" Id. at pgs. 158-59. An employee was eligible for a medical exemption

---

[2] The matter is before the undersigned magistrate judge for a report and recommendation on the following motions: (1) Plaintiff's Motion to Amend Complaint (Doc. No. 8); (2) NHCHR's Motion to Dismiss (Doc. No. 10); (3) NHCHR's Motion to Remand Case to State Court (Doc. No. 11); and (4) Plaintiff's Motion to Sever and Remand State Claims (Doc. No. 12). It is also before the undersigned magistrate judge for a ruling on Phillips-Nania's Motion for Leave to File Reply to AMC's Objection to Motion to Amend Complaint (Doc. No. 24).

if "an appropriate medical professional has determined in his or her professional judgment that the COVID-19 vaccine [was] contraindicated for a specific medical condition." Id. at pg. 158. An employee could qualify for a religious exemption "if a sincerely held religious belief preclude[d] vaccination." Id. Under the Policy, AMC agreed to provide employees eligible for an exemption with a "[r]easonable accommodation" to the extent the accommodation would "not cause AMC undue hardship or pose a direct threat to the health and safety of the employee or others." Id. at pg. 159. The Policy further provided that:

> [e]mployees who receive an exemption will be required to provide a negative Covid test result on a weekly basis and are required to wear masks while at work. Should an employee test positive they will need to quarantine and await further direction. We will discuss with each employee with an exemption the process for testing and how we will work together to meet the employee and AMC requirements under this policy.

Id.

On July 20, 2022, Phillips-Nania accepted a written offer from AMC to work as an overnight front desk attendant at the Highland Center from July 24, 2022, through October 31, 2022. Id. at pg. 232. By accepting the offer, Phillips-Nania acknowledged that, under AMC's COVID-19 Policy, employees had to provide proof that they were fully vaccinated against COVID-19 or had to receive an exemption from the vaccine requirement "due to a qualifying medical disability or a sincerely held religious objection." Id. Phillips-Nania, who is both Christian and Hindu, obtained a religious exemption. See id. at pgs. 161, 164-71. Therefore, AMC required that he provide a negative COVID-19 test on a weekly basis and wear a mask in the workplace. See id. at pg. 161. Nevertheless, Phillips-Nania proceeded to send emails to AMC's leadership challenging the safety of the COVID-19 vaccine and objecting to AMC's vaccine requirement. Id. at pgs. 182-84.

In October 2022, AMC sent Phillips-Nania a letter in which it offered to extend his employment to February 28, 2023. Id. at pg. 215. The letter described AMC's COVID-19 Policy. See id. Phillips-Nania accepted the terms of the offer by signing the letter on October 30, 2022. Id. at pg. 214. Before executing the offer letter, however, he modified the paragraph regarding the COVID-19 Policy to make it conflict with the terms of the actual Policy.[3] See id. at pgs. 63, 214. Plaintiff asserts that his intent in editing the letter "was to make [his] objections known, [and] to declare that [AMC's] policies were causing [him] harm." Id. at pg. 63.

### *Plaintiff's Termination from AMC*

The events that led to Phillips-Nania's termination from AMC began on November 1, 2022. That morning, Phillips-Nania sent an email to a number of individuals at AMC expressing his objections to the organization's COVID-19 Policy and its implementation of the Policy. Id. at pgs. 179-81. Plaintiff argued, among other things, that there was no justification for the masking and weekly testing requirements that AMC imposed on him, and he accused AMC of treating him more severely than other employees who received vaccinations but failed to obtain a COVID booster shot. Id. He further argued that AMC's unfair application of the Policy and its treatment toward

---

[3] The record shows that AMC's October 2022 offer letter provided as follows with respect to the organization's COVID-19 policy: "Employees will be required to show proof that they are fully vaccinated against COVID-19 as a condition of employment. The AMC will consider an exemption from the vaccine requirement if you are unable to get vaccinated due to a qualifying medical disability or a sincerely held religious objection. AMC is not required to provide an accommodation or exemption from the vaccine requirement if doing so would pose a direct threat to others in the workplace or would create an undue hardship for the organization." Doc. No. 3-3 at pg. 215. The record further shows that before signing the letter, Phillips-Nania altered this language to read: "Employees will not be required to show proof that they are fully vaccinated against COVID-19 as a condition of employment. The AMC will not require an exemption from the vaccine requirement if you are unable to get vaccinated due to a qualifying medical disability or a sincerely held religious objection. AMC is required to provide an accommodation and exemption from the vaccine requirements. The vaccine poses a direct threat and requiring a vaccine creates an undue hardship." See id. at pgs. 63, 214.

him constituted "unacceptable harassment and religious discrimination[,]" and he demanded that AMC "accommodate [his] request under Title VII to not . . . do weekly testing or wear a face covering because it [was] in conflict with [his] sincerely held religious belief" and would not cause AMC to endure undue hardship. Id. at pg. 180 (emphasis omitted). Moreover, Phillips-Nania informed AMC that he did not intend to wear a mask or engage in any additional testing going forward. Id. at pg. 181.

Subsequently, in the evening of November 1, 2022, Phillips-Nania and his supervisor, Kiff Allen, engaged in an altercation regarding Plaintiff's refusal to wear a mask after Mr. Allen demanded that he do so. See Doc. No. 3 at pgs. 187-88; Doc. No. 3-3 at pg. 62. Plaintiff claims that during the altercation, Mr. Allen effectively terminated his employment by telling him that he could no longer work or live at the Highland Center if he did not wear a mask. Doc. No. 3 at pg. 188. AMC disputes Plaintiff's account of the incident and maintains that Phillips-Nania walked off the job of his own accord after refusing to use a mask. Id.

Following the incident with his supervisor, Phillips-Nania sent a series of emails to Mr. Allen and others at AMC. See Doc. No. 3-3 at pgs. 176-79, 187-91. In his emails, Plaintiff challenged the legality, rationality, and morality of the COVID-19 Policy, the safety of the COVID-19 vaccine, and the effectiveness of masks. Id. at pgs. 176-79. He also argued that he was entitled to an exemption from AMC's testing and masking requirements because they conflicted with his sincerely held religious beliefs. Id. at pgs. 180-81. Furthermore, Phillips-Nania asserted that Mr. Allen's and AMC's conduct toward him, in response to his complaints about AMC's COVID-19 Policy, constituted wrongful termination, religious discrimination, retaliation, harassment, and violations of public policy. Id. at pgs. 187-90.

On November 11, 2022, AMC's Senior Director of Human Resources, Libbi Cinti, sent Plaintiff an email officially terminating his employment. Id. at pgs. 153-54. In the email, Ms. Cinti informed Phillips-Nania that following an investigation of the events that occurred on November 1, 2022, AMC concluded that Plaintiff abandoned his job. Id. at pg. 153. She also informed him that even if he had not abandoned his job, AMC would have terminated his employment due to insubordination based on his refusal to comply with AMC's mask wearing policy. Id. Additionally, Ms. Conti stated that during its investigation, AMC discovered the changes Phillips-Nania made to the description of AMC's COVID-19 Policy in his most recent offer letter. Id. According to Ms. Conti, Phillips-Nania's "insubordination on November 1, 2022, and the falsification of an AMC offer letter together certainly warrant termination of employment." Id. at pg. 154. Consequently, she notified Plaintiff that his "employment separation will remain in place." Id.

### *Plaintiff's Administrative Proceedings*

On April 17, 2023, Phillips-Nania timely filed a Charge of Discrimination ("Charge") against AMC with NHCHR. Doc. No. 3 at pg. 185; see also Doc. No. 3-3 at pgs. 60-70. Because he brought his Charge under both New Hampshire RSA Chapter 354-A and Title VII of the Civil Rights Act, as amended, it was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). See Doc. No. 3 at pgs. 184-85. In his Charge, Phillips-Nania asserted that AMC engaged in religious discrimination, in violation of RSA Chapter 354-A and Title VII, by failing to provide him with reasonable accommodations to its masking, testing, and vaccination requirements. See id. at pg. 80; Doc. No. 3-3 at pg. 60. He also alleged that AMC retaliated against him by terminating his employment because he requested a religious accommodation

involving exemptions from AMC's COVID-19 Policy. See Doc. No. 3 at pg. 80; Doc. No. 3-3 at pgs. 60-61.

An Investigator appointed by NHCHR performed an investigation of Plaintiff's claims and issued a final report of her findings on December 2, 2024. Doc. No. 3 at pgs. 68, 185-93. Based on the evidence and analysis contained in the report, the Investigator recommended that NHCHR make a finding of "No Probable Cause" on Plaintiff's administrative Charge. Id. at pg. 192 (emphasis omitted). An Investigating Commissioner adopted the recommendation and concluded that "there is No Probable Cause on the claims of Religion-Failure to Accommodate and Retaliation, in violation of NH RSA 354-A." Id. at pg. 193. On February 10, 2025, NHCHR sent the Investigator's report to Phillips-Nania, along with a cover letter that provided in relevant part as follows:

> The investigating commissioner assigned to the above-referenced charge has made a finding of **No Probable Cause**. Accordingly, the complaint has been dismissed. Therefore, the Commission will now close its file in this matter and will submit a final report to EEOC. Pursuant to NH RSA 354-A:21([II])(a) and RSA 354-A:22(IV) you may appeal to the NH Superior Court within 30 days of the date of this letter. Pursuant to NH Code of Administrative Rules HUM 210.03 you may move to reconsider this finding withing 30 days of the date of this letter.
>
> As the charge was filed under Title VII of the Civil Rights Act, . . . which [is] enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this action. To secure a review, you must request it in writing within fifteen (15) days of your receipt of this letter, to Equal Employment Opportunity Commission, JFK Federal Building, Room 475, Boston, MA 02203.

Id. at pg. 184 (emphasis in original).

After receiving NHCHR's determination, Phillips-Nania pursued all three of the options outlined in the Commission's letter. See id. at pgs. 54-66, 168-72, 194-98. Thus, Phillips-Nania moved for reconsideration before the NHCHR on February 24, 2025, id. at pgs. 54-66, filed a request for review of NHCHR's decision with the EEOC on February 26, 2025, id. at pgs. 168-72,

and filed a "Complaint" in the Merrimack County Superior Court on March 11, 2025, in which he named both NHCHR and AMC as defendants, id. at pgs. 194-98. NHCHR contends that Plaintiff's motion for reconsideration remains pending before the Commission. Doc. No. 11 at pg. 2. On November 17, 2025, the EEOC issued Phillips-Nania a "Right-to-Sue" letter informing Plaintiff that it "has dismissed your charge" and that he had a right to file a lawsuit against AMC "on this charge under federal law in federal or state court[.]" Doc. No. 34-1 at pg. 1.

### Plaintiff's State Court Complaint

In his original state court Complaint, Phillips-Nania sought judicial review and reversal of NHCHR's No Probable Cause determination. Doc. No. 3 at pg. 195. Specifically, Phillips-Nania requested an order vacating NHCHR's finding on the grounds that the Commission misapplied Title VII, ignored relevant evidence, and denied him due process, and remanding the matter to NHCHR for a rehearing and application of the appropriate legal standard. Id. He also sought damages against NHCHR to compensate him for the Commission's due process violations. Id. at pg. 198. With respect to AMC, Phillips-Nania sought compensatory damages for breach of contract, wrongful termination, and emotional distress, as well as punitive damages for "retaliation, malice, bad faith, and hostility, for immediate termination for asking for a religious exemption[.]" Id.

Shortly after initiating the state court action, Phillips-Nania moved to amend his Complaint, and the state court granted the motion. See Doc. No. 3-1 at pgs. 283-91. The Amended Complaint, which plaintiff filed in Merrimack County Superior Court on March 25, 2025, constitutes the operative complaint in this action. See id. at pgs. 164-85; Doc. No. 8 at pgs. 1-2.

In his Amended Complaint, Phillips-Nania alleged that AMC violated Title VII by discriminating against him based on his religious beliefs, subjecting him to a hostile work

environment, declining his request for an accommodation from its masking requirement, and retaliating against him for objecting to AMC's COVID-19 Policy on religious grounds.  See Doc. No. 3-1 at pgs. 164-75.  He also alleged that AMC violated RSA Chapter 354-A by "targeting [his] religious exemption without proof of need or hardship," and that it breached its contractual obligations to Plaintiff by violating the terms of its Personnel Policy and Procedure Manual.  Id. at pgs. 167, 173-75.  Phillips-Nania further asserted that NHCHR's "No Probable Cause" determination was legally and factually flawed because the Commission "misapplied Title VII's burden-shifting framework," ignored important evidence, failed to investigate important issues, and misrepresented various facts that were relevant to Plaintiff's administrative Charge.  See id. at pgs. 175-83.  According to Phillips-Nania, the Commission's alleged failures "deprived [him] of a fair investigation and due process, justifying judicial review and reversal of NHCHR's flawed determination."  Id. at pg. 183.  Thus, he requested relief in the form of an order vacating NHCHR's probable cause determination and remanding the matter to the Commission for a rehearing; directing NHCHR to reopen Plaintiff's case and compel AMC to produce additional evidence; instructing NHCHR to draw an adverse inference against AMC based on the loss of video evidence, and awarding damages against AMC and NHCHR.  Id. at pgs. 183-85.

### *Removal of the Matter to This Court*

On April 9, 2025, AMC removed the matter from the Merrimack County Superior Court to this court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.[4]  Doc. No. 1.  In its Notice of Removal, AMC asserted that this case falls within the district court's federal question jurisdiction due to the

---

[4] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1441, which is the general removal statute, governs the removal of civil actions from state to federal court, and 28 U.S.C. § 1446 addresses the procedure for effectuating the removal of civil actions.

inclusion of Title VII claims.  Id. at ¶ 5.  Furthermore, AMC stated that this court may exercise supplemental jurisdiction over Plaintiff's state law claims because those claims "arise from the same common nucleus of operative facts" as the federal claims.  Id. at ¶ 6.

The matter is before this court for a report and recommendation on a number of pending motions, including NHCHR's motion to remand on the grounds that Phillips-Nania's claims against it were not removable to this court (Doc. No. 11) and Phillips-Nania's motion to sever his claims against NHCHR from his claims against AMC and remand the claims against NHCHR to the state superior court (Doc. No. 12).  A federal court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case."  Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002).  Because the Commission's motion to remand, and Plaintiff's motion to sever and remand, raise questions regarding this court's jurisdiction, this court turns to those motions first.

## LEGAL STANDARD FOR MOTIONS TO REMAND

"The federal courts are courts of limited jurisdiction[.]"  Volkswagen de P.R., Inc. v. P.R. Labor Rels. Bd., 454 F.2d 38, 43 (1972).  "They possess only that power authorized by Consitution and statute."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (internal quotations and citation omitted).  When faced with a motion to remand, a federal court must determine whether it "would have had original jurisdiction of the case had it been filed in that court."  BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 830 (1st Cir. 1997) (quoting Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 702 (1972)).  The burden is on the removing defendant to show "that federal jurisdiction exists and that removal was proper."  New Hampshire v. 3M Co., 665 F. Supp. 3d 215, 221 (D.N.H. 2023), aff'd, 132 F.4th 556 (1st Cir. 2025).  That defendant "must therefore make a

10

'colorable' showing that a basis for federal jurisdiction exists." Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (quoting BIW Deceived, 132 F.3d at 832). "[I]f federal jurisdiction is doubtful, a federal court must remand to state court." Rhode Island v. Shell Oil Prods. Co., L.L.C., 35 F.4th 44, 52 (1st Cir. 2022).

## DISCUSSION

AMC removed the case from state court to this court pursuant to the general removal statute, 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). NHCHR asserts that removal was improper, and therefore, the federal court cannot exercise jurisdiction over it at this time. Doc. No. 11 at pgs. 3-4. Specifically, NHCHR argues that the case was not removable because the matter was not a "civil action" and the Commission was not serving as a "state court" within the meaning of 28 U.S.C. § 1441. Id. at pgs. 3-4, 6-10. Alternatively, NHCHR argues that even if the superior court is deemed a "state court" for purposes of the removal, the action constituted an appeal of the Commission's "No Probable Cause" finding and the removal statute "does not permit this Court to exercise jurisdiction over appellate matters." Id. at pg. 4. Accordingly, NHCHR requests that the case be remanded to the state court.

Phillips-Nania does not oppose the Commission's motion to the extent it seeks to remand his claims against NHCHR to the Merrimack County Superior Court. Doc. No. 14 at pg. 1. However, he argues that his claims against AMC "are independent claims against AMC, not an appeal of NHCHR's ruling[,]" and that this court has original jurisdiction over those claims because they "involve federal Title VII claims against AMC, properly before this Court under 28

U.S.C. § 1331." Id. at pgs. 4-5 (citations omitted).  He also argues that "[t]he Second Amended Complaint constitutes a civil action" and that "[t]he Superior Court, as a court of general jurisdiction, is a 'state court'" under the removal statute.[5] Id. at pgs. 3-4 (citation omitted).  Thus, Phillips-Nania contends that the court should deny NHCHR's motion to remand the entire case, grant Plaintiff's motion to sever his claims against NHCHR from his claims against AMC, and remand the claims against NHCHR to state superior court.  Id. at pg. 6; Doc. No. 12 at pg. 1.

Although AMC does not concede that its removal was improper, it does not oppose NHCHR's motion to remand the entire case to state court.  Doc. No. 19 at pg. 2.  According to AMC, "[a] remand of the entire case would allow the Superior Court to address the Commission's arguments about the limited nature of Plaintiff's appeal and/or the Commission's dismissal, and allow for the administrative appeal process to conclude[.]"  Id.  However, due to "the interrelationship of the claims against both defendants and the potential that they are all part and parcel of an administrative appeal to Superior Court[,]" AMC "strongly" opposes Phillips-Nania's request to sever and remand only his claims against NHCHR.  Id.

---

[5] In both his opposition to NHCHR's motion to remand and his motion to sever and remand his claims against NHCHR, Phillips-Nania supports his arguments with references to his Second Amended Complaint.  See, e.g., Doc. No. 12 at pgs. 7, 10; Doc. No.14 at pg. 3.  Because his motion to amend remains pending, however, the Amended Complaint constitutes the operative complaint in this action.  To the extent Plaintiff suggests that this court should resolve his pending motion for leave to file a Second Amended Complaint before resolving the parties' motions to remand, this court disagrees.  Both NHCHR's motion to remand and Phillips-Nania's motion to sever and remand raise questions regarding the court's jurisdiction over Plaintiff's claims.  Consequently, the court must address those motions before turning to Plaintiff's motion to amend.  See Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 16 (1st Cir. 2018) ("Since the existence of federal subject-matter jurisdiction implicates our power to hear and determine a case, we must address that issue before proceeding further.").  This court assumes for purposes of this Report and Recommendation that Phillips-Nania's arguments on the question of remand relate to the Amended Complaint rather than the proposed Second Amended Complaint.

This court concludes that AMC removed a "civil action" from a "state court" under 28 U.S.C. § 1441. However, for the reasons detailed below, this court nevertheless concludes that Phillips-Nania's claims against NHCHR should be remanded to the Merrimack County Superior Court and that his claims against AMC should remain here.

## I.    Exhaustion of Administrative Remedies Under New Hampshire Law

The fundamental issues raised by NHCHR's motion to remand and Plaintiff's motion to sever and remand are whether this court has original jurisdiction over Plaintiff's claims for purposes of the removal statute, 28 U.S.C. § 1441(a), whether the removal involved a "civil action" within the meaning of that statute, and whether AMC removed the matter from a "state court." To understand the nature of the underlying proceedings, it is first necessary to understand the process under which Phillips-Nania pursued his workplace discrimination claims before the Commission and the authority under which he initiated an action in the state superior court. Therefore, this court begins with a description of that process.

### A.    Process for Exhausting Administrative Remedies Under RSA Chapter 354-A

"[I]t is well-settled that an employee alleging discrimination must file an administrative claim with the EEOC or with a parallel state agency before a civil action may be brought." Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009). In this case, Phillips-Nania presented his Title VII and state law discrimination claims to NHCHR by filing a Charge with the Commission on April 17, 2023. See Doc. No. 3 at pg. 185; Doc. No. 3-3 at pgs. 60-70. RSA 354-A:21 describes the procedures the Commission follows to address such complaints. See RSA 354-A:21. Significantly, RSA 354-A:21 provides in relevant part that "[a]fter the filing of any complaint, one of the commissioners designated by the chair [of the NHCHR] shall make, with the assistance of the [C]ommission's staff, prompt investigation in connection therewith" and

determine whether "probable cause exists for crediting the allegations of the complaint[.]" RSA 354-A:21, II(a).

If the investigating commissioner determines that probable cause exists, "the commissioner shall immediately endeavor to eliminate the unlawful discriminatory practice complained of by conference, conciliation and persuasion." Id.  If the unlawful practice continues or the investigating commissioner determines that "circumstances so warrant," the commissioner may take additional steps to remedy the unlawful conduct. See RSA 354-A:21, II(b)-(f).  However, "[w]hen the investigating commissioner finds no probable cause to credit the allegations in the complaint, the complaint shall be dismissed, subject to a right of appeal to superior court."[6]  RSA 354-A:21, II(a).

Under the statute's implementing regulations, a complainant who receives a finding of "no probable cause" may move for reconsideration "within 30 days of the date on the letter notifying the party of the determination[.]" N.H. Code Admin. R. Hum 210.03(a)(1).  The complainant may also appeal the adverse finding to the state superior court.  See RSA 354-A:21, II(a).  To prevail on such an appeal, the complainant must "establish that [NHCHR's] decision is unlawful or unreasonable by a clear preponderance of the evidence.  The findings of the investigating commissioner upon questions of fact shall be upheld as long as the record contains credible evidence to support them." Id.  If the complainant is successful and the superior court reverses the no probable cause determination, "the superior court shall remand the case for further proceedings [before the Commission] in accordance with RSA 354-A:21, II, unless the complainant or respondent elects to proceed with a hearing in superior court pursuant to RSA 354-A:21-a." Id.

---

[6] "Because there is no statutory provision for appellate review of the commissioner's dismissal of the discrimination charge, a petition for writ of certiorari is the proper vehicle for obtaining review."  In re Perkins, 147 N.H. 652, 653-54 (2002) (internal citations omitted).

RSA 354-A:21-a, entitled "Choice of Forum," provides parties with the option, under certain circumstances, of litigating discrimination claims filed with the Commission in state superior court.  As the statute reads in relevant part:

> [a]ny party alleging to be aggrieved by any practice made unlawful under this chapter may, at the expiration of 180 days after the timely filing of a complaint with the [C]ommission, or sooner if the [C]ommission assents in writing, but not later than 3 years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both, in the superior court . . . .

RSA 354-A:21-a, I.  It further provides that "[a]ny party alleged to have committed any practice made unlawful under this chapter may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial." Id.  However, "[a] superior court trial shall not be available to any party if a hearing before the [C]ommission has begun or has concluded pursuant to RSA 354-A:21, II(b), or to a complainant whose charge has been dismissed as lacking in probable cause who has not prevailed on an appeal to superior court pursuant to RSA 354-A:21, II(a)." Id.  Consequently, a party alleging workplace discrimination must obtain "a favorable probable-cause determination, from the [NHCHR] or the superior court, before [that party] can pursue a claim in court, on the merits." Raymond v. Bob Mariano Jeep Dodge Sales, No. 10-cv-488-LM, 2011 WL 635303, at *5 (D.N.H. Feb. 17, 2011); see also Palmerini v. Fidelity Invs. Money Mgmt., Inc., No. 12-cv-505-JD, 2013 WL 1155468, at *2 (D.N.H. Mar. 20, 2013) ("Once the NHCHR found no probable cause and dismissed the complaint, . . . [plaintiff] was required to appeal that ruling in superior court and obtain a favorable decision before bringing suit" for discrimination under RSA Chapter 354-A); Munroe v. Compaq Computer Corp., 229 F. Supp. 2d 52, 67 (D.N.H. 2002) (finding that plaintiff forfeited her state

law sexual harassment claim because she failed to successfully appeal NHCHR's adverse probable cause finding in state superior court).[7]

B.    Plaintiff's Charge of Discrimination

The record in the instant case demonstrates that Phillips-Nania filed a timely Charge with the NHCHR on April 17, 2023.  Doc. No. 3 at pg. 185.  Therein, Plaintiff alleged that AMC engaged in religious discrimination against him, in violation of RSA Chapter 354-A and Title VII. See id. at pg. 80.  His "primary allegation [was] that AMC failed to provide reasonable religious accommodations to its COVID-19 policies (masking, testing, vaccination), ultimately resulting in [Plaintiff's] unlawful termination."  Id.  Beginning 180 days after filing with the Commission, Phillips-Nania "had the right to bring a civil action in the superior court based on the allegations in his Charge of Discrimination[.]"  Raymond, 2011 WL 635303, at *3.  He filed no such action, however, and on February 10, 2025, NHCHR notified him that the investigating commissioner assigned to his Charge found "No Probable Cause" on his claims of employment discrimination. Doc. No. 3 at pg. 184 (emphasis omitted).

In its letter notifying Phillips-Nania of the "No Probable Cause" finding, NHCHR stated that "the complaint has been dismissed" and the Commission was closing its file on the matter.  Id. It also informed Plaintiff of his right to appeal the finding to the state superior court and to seek reconsideration from the Commission under New Hampshire law.  Id.  Because Phillips-Nania's Charge included federal Title VII claims in addition to state discrimination claims under RSA Chapter 354-A, NHCHR further informed Plaintiff that he had a right to request a review of his

---

[7] To exhaust administrative remedies for purposes of asserting a Title VII claim, a plaintiff must timely file a charge of discrimination with the EEOC and obtain a right-to-sue letter from the agency.  Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).  In the instant case, Phillips-Nania's Charge against AMC was dual-filed with NHCHR and the EEOC, and the EEOC issued Phillips-Nania a right-to-sue letter on November 17, 2025.  See Doc. No. 3 at pgs. 184-85; Doc. No. 34-1.

claims by the EEOC.  Id.  As described above, Phillips-Nania moved for reconsideration by the Commission, filed a request for review of NHCHR's decision with the EEOC, and filed a "Complaint" against the Commission and AMC in Merrimack County Superior Court.  Id. at pgs. 54-66, 168-72, 194-98.  On March 25, 2025, Phillips-Nania filed his Amended Complaint in the state court, and on April 9, 2025, AMC removed the matter to this court.  See Doc. No. 1; Doc. No. 3-1 at pgs. 164-85.

## II.    NHCHR's Procedural Challenges to Removal

The first issues raised by the Commission's motion to remand and Plaintiff's motion to sever and remand are whether Phillips-Nania's state court proceeding was a "civil action" and whether AMC removed the case from "a State court."  See Doc. No. 11 at pgs. 3-4; Doc. No. 12 at pg. 7.  "[T]he removal statute applies only to *civil actions in state courts*[.]"  Volkswagen, 454 F.2d at 43 (emphasis added).  NHCHR argues that this court lacks jurisdiction over Phillips-Nania's claims at this time, and that the matter must be remanded to the Merrimack County Superior Court, because neither of these conditions was satisfied at the time of removal.  Doc. No. 11 at pgs. 3-4.  This court finds the Commission's arguments on these matters unpersuasive.

### A.    Whether AMC Removed Plaintiff's Action from a "State Court"

NHCHR contends, as an initial matter, that AMC's removal of this case to federal court was improper because the Commission is not a "state court" for purposes of 28 U.S.C. § 1441.  Id. at pg. 6.  Relying primarily upon the District of Massachusetts' decision in Whelchel v. Regus Mgmt. Grp., 914 F. Supp. 2d 83 (D. Mass. 2012), NHCHR reasons that "[s]tate administrative proceedings are generally not removable except 'in rare cases' where 'stringent removal requirements are met.'"  Doc. No. 11 at pg. 6 (quoting Whelchel, 914 F. Supp. 2d at 86).  It then applies the test that the court adopted in Whelchel in an effort to illustrate why the Commission is

17

not a "state court" within the meaning of the removal statute and why all of Plaintiff's claims must be remanded to the state superior court.  Id. at pgs. 6-8.

The Commission's reliance on Whelchel is inapposite.  In that case, the defendant removed the plaintiff's action directly from the Massachusetts Commission Against Discrimination ("MCAD"), the Massachusetts equivalent of the NHCHR, to federal court.  See Whelchel, 914 F. Supp. 2d at 85.  The plaintiff then filed a motion to remand the case to the MCAD "on the grounds that the agency is not a state court from which an action may be removed under 28 U.S.C. §§ 1441 and 1446."  Id.  Thus, the issue before the Whelchel court was "whether an action commenced in a state agency may be removed" directly to federal court.  Id. at 86.  To resolve this question, the Massachusetts District Court adopted the three-part "functional test" that the First Circuit Court of Appeals applied in Volkswagon to determine whether the Puerto Rico Labor Relations Board was acting as a state court for purposes of the removal statute when it conducted an unfair labor practice proceeding for breach of a collective bargaining agreement.  See Volkswagon, 454 F.2d at 41-42, 44-45; Welchel, 914 F. Supp. 2d at 86-88.  The Whelchel court concluded, after applying that test, that the MCAD was not operating as a state court for purposes of removal.  Whelchel, 914 F. Supp. 2d at 86-88.  Consequently, it granted plaintiff's motion for remand to the MCAD.  Id. at 89.

Neither the district court in Whelchel nor the First Circuit in Volkswagon considered circumstances like those presented in this case.  The issue confronting those courts was whether a state administrative entity was functioning as a state court for purposes of removal.  See Volkswagen, 454 F.2d at 45 (concluding that the Puerto Rico Labor Relations Board, "in conducting unfair labor practice proceedings for breach of collective bargaining agreements under § 301 [of the National Labor Relations Act,] acts as a court and that such proceedings are removable to federal court."); Whelchel, 914 F. Supp. 2d at 86-88 (evaluating whether the MCAD

18

was functioning as a "state court" for purposes of removal). Here, in contrast, the issue is whether all or part of Phillips-Nania's state court matter, which he filed in Merrimack County Superior Court following NHCHR's finding of "No Probable Cause" and its dismissal of his administrative complaint, was removable to federal court. The case law on which NHCHR relies does not address that issue.

In an effort to resolve this discrepancy, NHCHR argues that the superior court in this case was "serving as an appellate body for the Commission and not as a 'state court'" with respect to Phillips-Nania's action. Doc. No. 11 at pg. 8. In other words, NHCHR maintains that "the superior court [was] function[ing] as an extension of the Commission[.]" Id. However, NHCHR provides no authority for this assertion and this court has identified none. Therefore, this court cannot conclude that removal was improper and that remand of the case is warranted on this basis.

B.    Whether the Superior Court Action Was a "Civil Action"

NHCHR also argues that none of Phillips-Nania's claims were removable, and the entire case must be remanded, because the proceedings from which AMC removed the action cannot be considered a "civil action" for purposes of the removal statute. Id. at pg. 9. As NHCHR describes its reasoning in relevant part:

> RSA Chapter 354-A requires employees alleging unlawful discrimination to file a charge of discrimination with the Commission within 180 days. RSA 354-A:21, III. This vests the Commission with the power to investigate the allegations and determine whether they are supported by probable cause or not. Unless the employee elects, consistent with statutory requirements, to forego the investigation and remove their case to court early, neither party can proceed to court and neither party can initiate a "civil action" until the Commission enters a finding that the claims are supported by probable cause. The matter remains with the Commission in its investigatory phase. A finding of "no probable cause" effectively ends the matter. Without further challenge, a "no probable cause" finding would likely have preclusive effect on any subsequent lawsuit by the employee, leaving an employee with three options: (1) move to reconsider; (2) seek review from the EEOC; or (3) appeal the decision to superior court. To have any chance of proceeding further, the employee must exhaust these remedies. Nothing in the statutory scheme

authorizes an employee that has received a "no probable cause" determination to
file a separate "civil action" in court.

Id. at pgs. 9-10 (footnote omitted).  In other words, because the state statutory scheme requires a

complainant to appeal a "no probable cause" finding and obtain a favorable decision before filing

a lawsuit for relief on the merits under RSA Chapter 354-A, Phillips-Nania's state court action

cannot constitute a "civil action."  Phillips-Nania disagrees and contends that his case constitutes

a civil action for purposes of removal.  Doc. No. 14 at pgs. 3-4.

"Under the general removal statute at 28 U.S.C. § 1441, 'civil action' has long been

interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state

court."  Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006); accord LaFlamme v. HSBC Mortg. Servs.,

Inc., No. 10-10680-GAO, 2010 WL 2639874, at *1 (D. Mass. June 24, 2010) ("The term 'civil

action' has been interpreted to require a separate suit that is not supplementary, ancillary, or

incidental to a state court action.").  "Whether a matter is ancillary or supplemental requires an

examination of the parties and the issues in the removed matter[.]"  Deaton v. Johnson, No. 20-

78WES, 2020 WL 4673834, at *6 (D.R.I. Aug. 12, 2020).  Thus,

> [t]o be removable, an action must be independent, not supplementary or incidental
> to another action.  It must be practically severable, so as not to do practical violence.
> It must not be a mere mode of execution or of relief, inseparably connected with
> the original judgment or decree; but a supplemental proceeding [which] in fact
> involves an independent controversy with some new and different party.  The mere
> fact that a controversy had its origin in a state action does not require remand; the
> issue is whether it is a separate suit.

Id. at *7 (second alteration in original) (quoting Mid-century Ins. Co. v. Philadelphia Indem. Ins.

Co., No. 3:11-CV-2835-N, 2012 WL 12358929, at *3 n.8 (N.D. Tex. June 12, 2012)).

This court finds that Phillips-Nania's state court matter constituted a "civil action" within

the meaning of the removal statute.  As described in the Amended Complaint, which became the

operative complaint in that action, Phillips-Nania asserted independent claims for relief against

20

AMC and NHCHR that were not supplementary or ancillary to another action, and were not incidental to or "inextricably embedded" in an ongoing state proceeding. See id. at *8 (finding that removal of motion for disbursal of funds for attorney's fees was "not an independent 'civil action'" subject to removal where motion was "inextricably embedded in an ongoing Superior Court proceeding"). Although RSA 354-A:21-a, I provides that "[a] superior court trial shall not be available . . . to a complainant whose charge has been dismissed as lacking in probable cause who has not prevailed on an appeal to superior court pursuant to RSA 354-A:21, II(a)[,]" nothing in the statute undermines the fact that the Amended Complaint in this case contains independent claims against Defendants on the merits. Nor does the statute preclude the removal of claims that fall within the scope of this court's jurisdiction. See Usher v. Cracker Barrel Old Country Store, Inc., No. 07-cv-42-SM, 2007 WL 4284764, at **1-2 (D.N.H. Dec. 4, 2007) (finding that "unreviewed administrative determinations by a state agency[,]" including NHCHR's adverse "probable cause determinations[,]" did not preclude federal court review of plaintiff's Title VII claims on the merits).

Both NHCHR and AMC attempt to characterize Phillips-Nania's state court action as an "appeal" of the Commission's finding of no probable cause or a continuation of the administrative process rather than an independent action for relief. See Doc. No. 11 at pgs. 3-4, 10; Doc. No. 19 at pg. 2. This characterization is belied by the Amended Complaint. As described in detail above, Phillips-Nania's allegations challenge the substance of AMC's conduct during his employment at the Highland Center and seek to hold AMC liable on the merits of his claims. See Doc. No. 3-1 at pgs. 164-75, 184-85. Additionally, Phillips-Nania asserts new and separate claims against NHCHR for numerous violations of his state law right to due process. See id. at pgs. 175-83. The Amended Complaint, on its face, goes well beyond the scope of an administrative enforcement

action or an appeal of an adverse administrative ruling.  Consequently, this court concludes that the superior court action was a "civil action," which was removable under 28 U.S.C. § 1441.

## III.    <u>Jurisdiction Over Plaintiff's Claims</u>

The next issue presented by the Commission's motion to remand and Plaintiff's motion to sever and remand is whether this court has original jurisdiction over Phillips-Nania's claims.  <u>See</u> 28 U.S.C. § 1441(a) (authorizing removal of "any civil action brought in a State court of which the district courts of the United States *have original jurisdiction*" (emphasis added)).  AMC removed this case to federal court on the basis of federal question and supplemental jurisdiction. <u>See</u> <u>Doc. No. 1.</u>  Specifically, in its Notice of Removal, AMC explained that this court has federal question jurisdiction because "Plaintiff['s] Complaint includes claims arising under federal law, namely Title VII."  <u>Doc. No. 1</u> at ¶ 5.  It further explained that "this Court maintains supplemental jurisdiction over Plaintiff['s] state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff['s] state law claims arise from the same common nucleus of operative facts" as his Title VII claims. <u>Id.</u> at ¶ 6.  Phillips-Nania argues that his claims against AMC were removable and are properly before this court.[8]  <u>See</u> <u>Doc. No. 12</u> at pgs. 3, 7; <u>Doc. No. 14</u> at pgs. 4-5.  However, he argues that

---

[8] Although Phillips-Nania contends that this case was properly removed from the state superior court based on federal question jurisdiction, <u>see, e.g.,</u> <u>Doc. No. 14</u> at pgs. 3, 5, he also argues, inconsistently, that AMC's removal was defective because AMC failed to obtain NHCHR's consent to the removal in violation of 28 U.S.C. § 1446(b)(2)(A).  <u>Id.</u> at pgs. 2-3; <u>Doc. No. 12</u> at pg. 9.  Under section 1446(b)(2)(A), "a defendant cannot remove unilaterally.  Instead, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'"  <u>Home Depot U.S.A., Inc. v. Jackson,</u> 587 U.S. 435, 438 (2019) (quoting 28 U.S.C. § 1446(b)(2)(A)).  However, the record in this case indicates that Phillips-Nania failed to effectuate proper service upon NHCHR prior to removal to this court.  Rule 4 of the Rules of the Superior Court of the State of New Hampshire sets forth the requirements for completing service of process in a state superior court action.  <u>See</u> N.H. Super. Ct. Civ. R. 4(c).  The Rule provides in relevant part as follows: "Upon receipt of the Complaint . . . the court will process the action and provide plaintiff with the completed Summons for service.  The Summons will identify: (i) the date the Complaint is filed; (ii) the court-ordered deadline for service; and (iii) a hearing date, if appropriate.  Plaintiff will cause the Summons together with a copy of the Complaint to be served

his claims against NHCHR must be severed from the action and remanded to the Merrimack County Superior Court pursuant to subsection (c) of the removal statute, 28 U.S.C. § 1441(c), because they do not fall within the district court's original or supplemental jurisdiction. See Doc. No. 12 at pgs. 3, 5, 8. This court agrees.

A.    Original Jurisdiction Over Plaintiff's Claims

Each of the motions to remand depends in part upon the extent to which this court "would have had original jurisdiction" over Plaintiff's claims if Phillips-Nania had filed them here instead of in state court. See BIW Deceived, 132 F.3d at 830 (quoting Grubbs, 405 U.S. at 702). Pursuant to 28 U.S.C. § 1331, "[f]ederal district courts have original jurisdiction over 'federal question' cases—that is, cases 'arising under the Constitution, laws, or treaties of the United States.'" Id. at 831 (quoting 28 U.S.C. § 1331). The question whether a claim "aris[es] under" federal law "is informed by the well-pleaded complaint rule, which 'requires the federal question to be stated on the face of the plaintiff's well-pleaded complaint.'" López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (quoting R.I. Fishermen's All., Inc. v. R.I Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009)). "To satisfy the rule, the plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." R.I.

---

on defendant no later than the court-ordered deadline for service, service to be made as specified in RSA 510, or as otherwise allowed by law. Proof of service shall be filed with the court within 21 days of the court-ordered deadline for service." Id. Although Phillips-Nania submitted documents showing that he sent his original complaint to NHCHR by mail on March 13, 2025, and that he sent the Amended Complaint to NHCHR via certified mail on March 25, 2025, see Doc. No. 13-1, the docket sheet from the Merrimack County Superior Court shows that the court did not issue a Summons until April 2, 2025. Doc. No. 17-1 at pg. 3. It also demonstrates that Phillips-Nania failed to file proof of service with respect to NHCHR and that NHCHR remained "Unserved" prior to removal. Id. at pgs. 2-3. Accordingly, this court concludes that NHCHR was not "properly joined and served" prior to AMC's removal, and that its consent was not necessary for removal to occur. See 28 U.S.C. § 1446(b)(2)(A).

Fishermen's All., Inc., 585 F.3d at 48. Where the issue of federal question jurisdiction arises "[i]n the context of removal, '[the court must] consider the claims in the state court [complaint] as they existed at the time of removal.'" Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 17 (1st Cir. 2018) (third alteration in original) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

The Amended Complaint, which was in effect at the time of AMC's removal, contains claims against AMC under Title VII of the federal Civil Rights Act. Specifically, Phillips-Nania alleges that AMC violated Title VII by discriminating against him on the basis of his religious beliefs, subjecting him to a hostile work environment after he requested a religious exemption from AMC's COVID-19 vaccination requirement, and retaliating against him by terminating his employment after he complained about AMC's COVID-19 Policy. See Doc. No. 3-1 at pgs. 164-75. Moreover, as part of his request for relief, Phillips-Nania seeks compensatory and punitive damages from AMC for the alleged Title VII violations, as well as an order directing AMC to reinstate him or awarding him front and back pay "for retaliatory termination under Title VII." Id. at pgs. 184-85. Consequently, this court concludes that Plaintiff's claims against AMC fall well within the court's federal question jurisdiction. See Lawless, 894 F.3d at 18 ("a [federal district] court has jurisdiction to decide a case so long as the plaintiff has alleged a colorable federal claim.").

NHCHR argues that under RSA 354-A:21, II(a), "[t]he Commission's 'no probable cause' determination functions as a dismissal of Plaintiff's claims" that "should prevent any court from addressing the merits of his underlying discrimination claims" in the absence of a successful appeal to the state superior court. Doc. No. 21 at pg. 3. This argument is insufficient to undermine this court's jurisdiction over Plaintiff's Title VII claims. "Title VII 'does not restrict a complainant's

right to sue to those charges as to which the [EEOC] has made findings of reasonable cause.'" Usher, 2007 WL 4284764, at *1 (alteration in original) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973)).  Additionally, "it is clear that unreviewed administrative determinations by state agencies . . . should not preclude [federal court] review even if such a decision were to be afforded preclusive effect in a State's own courts[.]"  Id. (punctuation and first alteration in original) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 470 n.7 (1982)).  NHCHR's "No Probable Cause" finding "constitute[s an] unreviewed administrative determination[ ] by a state agency."  Id. at *2.  Therefore, it provides no basis for remanding Plaintiff's federal claims to state superior court.

   B.  Supplemental Jurisdiction Over Plaintiff's State Law Claims

   In addition to his claims under Title VII, Phillips-Nania asserts state law claims against AMC for discrimination under RSA Chapter 354-A and breach of contract.  Doc. No. 3-1 at pgs. 167, 173-75.  He also asserts state law due process claims against NHCHR.  See id. at pgs. 175-83; Doc. No. 12 at pg. 2 (describing claims against NHCHR as state law claims based on "due process violations under N.H. Admin. R. Hum. 207.03, 207.04(b), 210.03(c), and N.H. Const. art. 8, stemming from NHCHR's 2023-2025 investigation.").[9]  These claims do not fall within this court's federal question jurisdiction because they do not arise "under the Constitution, laws, or treaties of the United States."  BIW Deceived, 132 F.3d at 831 (quoting 28 U.S.C. § 1331).  Under the removal statute, "the district court shall sever from the action . . . and shall remand the severed claims to the State court from which the action was removed" all claims that are not within the

_____

[9] Part 207 of the regulations governing NHCHR pertains to the Commission's investigations.  See N.H. Code Admin. R. Hum 207.  Part 210 of the regulations concerns probable cause determinations by an investigating commissioner of the NHCHR.  See N.H. Code Admin. R. Hum 210.

original or supplemental jurisdiction of the court.  28 U.S.C. § 1441(c).  Accordingly, this court must sever and remand any state law claims that do not fall within its supplemental jurisdiction.

Federal law provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "State and federal claims are part of the same case or controversy for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (cleaned up). Accordingly, "[a] federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." Ortiz-Bonilla v. Federación de Ajedrez de P.R., Inc., 734 F.3d 28, 35 (1st Cir. 2013) (quoting BIW Deceived, 132 F.3d at 833).  At issue is whether Plaintiff's state law claims against AMC and NHCHR arise from the same nucleus of operative facts as his Title VII claims.

Phillips-Nania's state law claims against AMC satisfy this requirement.  Plaintiff alleges that AMC's COVID-19 mandates discriminated against him, in violation of both Title VII and RSA Chapter 354-A, by "targeting [his] religious exemption" without proof that his religious exemption caused AMC to suffer a hardship.  Doc. No. 3-1 at pg. 167.  He further alleges that AMC's breach of its Personnel Policy and Procedure Manual created a hostile work environment, exacerbated the religious discrimination against him, and otherwise violated his rights under Title VII.  Id. at pgs. 173-75.  Moreover, all of Phillips-Nania's claims against AMC, including both his federal and state law claims, arose out of AMC's enforcement of its COVID-19 policy and alleged treatment of Plaintiff while he worked at the Highland Center during the time period from July 24, 2022 through

November 11, 2022.  See generally id.   Therefore, this court has supplemental jurisdiction over those claims.[10]

The state law claims against NHCHR warrant a different conclusion.  In support of his claims against that Defendant, Phillips-Nania alleges that NHCHR's no probable cause determination was legally and factually flawed because the Commission engaged in a series of failures and improper conduct with respect to its investigation and evaluation of his administrative Charge.  See id. at pgs. 175-83.  For example but without limitation, Phillips-Nania alleges that NHCHR "misapplied Title VII's burden-shifting framework," ignored and mischaracterized critical evidence, misrepresented facts relating to Plaintiff's interactions with AMC, failed to acknowledge AMC's legal obligations, "failed to address [Plaintiff's] concerns about bias, impartiality, and jurisdiction[,]" refused to probe AMC's alleged spoliation of evidence, and ignored AMC's alleged violations of its own personnel policies.  Id.  These allegations do not arise out of Plaintiff's employment at AMC or the circumstances surrounding his termination.  Rather, they arise out of the administrative proceedings that began more than five months after he stopped working for AMC.  Therefore, Plaintiff's claims against NHCHR do not arise out of the same nucleus of operative facts as his Title VII claims, and the district judge should remand those claims to the Merrimack County Superior Court.

For all these reasons, the district judge should grant in part and deny in part NHCHR's motion to remand (Doc. No. 11) so as to remand Plaintiff's claims against NHCHR to the

---

[10] This court's conclusion that Phillips-Nania's state law claims against AMC fall within the district court's supplemental jurisdiction under 28 U.S.C. § 1367(a) does not necessarily prevent AMC from challenging those claims in federal court.  See Raymond, 2011 WL 635303, at *4 (dismissing claim for discriminatory termination under RSA 354-A:7 where plaintiff failed to appeal NHCHR's adverse probable cause finding to superior court before bringing the claim in federal court).

Merrimack County Superior Court but allow Phillips-Nania's claims against AMC to remain in this court. Additionally, the district judge should grant Phillips-Nania's motion to sever and remand his claims against NHCHR to the Merrimack County Superior Court (Doc. No. 12).

## IV. The Parties' Remaining Motions

### A. Plaintiff's Motion to Amend Complaint

This matter is also before the court on Phillips-Nania's Motion to Amend Complaint (Doc. No. 8). Therein, Plaintiff seeks leave to file a Second Amended Complaint asserting five claims against AMC and four claims against NHCHR, and expanding his allegations from 89 to 148 paragraphs. See Doc. Nos. 8, 8-1, and 15. In light of this court's recommendation that Phillips-Nania's claims against NHCHR be severed and remanded to state court, this court recommends that the district judge deny his motion to amend without prejudice to his ability to renew his motion, within 30 days of the court's ruling on this Report and Recommendation, to address only his claims against AMC.[11]

### B. NHCHR's Motion to Dismiss

Also before the court is the Commission's Motion to Dismiss (Doc. No. 10) by which the Commission argues that it should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that it is immune from suit. Because this court finds that Phillips-Nania claims against NHCHR

---

[11] Phillips-Nania is cautioned that under Fed. R. Civ. P. 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "[C]omplaints that are 'unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend may be dismissed.'" Currier v. Town of Gilmanton, No. 18-cv-1204-LM, 2019 WL 3779580, at *2 (D.N.H. Aug. 12, 2019) (quoting Chalifoux v. Chalifoux, No. 14-CV-136-SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014)). "This is so because 'unnecessary length places an unjustified burden on the court and on the party who must respond to [the complaint].'" Id. (alteration in original) (quoting Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc., No. 1:12-CV-11121, 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014)).

are not properly in federal court, and recommends that those claims be remanded to state superior court, this court recommends that the district judge deny NHCHR's motion to dismiss as moot.

C.  Plaintiff's Motion to File a Reply

The final motion pending before the court is Phillips-Nania's Motion for Leave to File Reply (Doc. No. 24).  Therein, Phillips-Nania seeks leave to file a Reply in response to AMC's objection to his motion to amend the complaint.  In light of this court's recommendation that Phillips-Nania's motion to amend be denied without prejudice, Plaintiff's Motion for Leave to File Reply is denied as moot.

**CONCLUSION**

For all the reasons detailed herein, this court recommends that the district judge:

(a) grant in part and deny in part NHCHR's motion to remand (Doc. No. 11) such that the district judge remand Plaintiff's claims against NHCHR to the Merrimack County Superior Court but deny the motion with respect to Phillips-Nania's claims against AMC;

(b) grant Phillips-Nania's motion to sever and remand (Doc. No. 12) his claims against NHCHR;

(c) deny NHCHR's motion to dismiss (Doc. No. 10) as moot in light of the recommendation to remand Plaintiff's claims against NHCHR to Merrimack County Superior Court; and

(d) deny Phillips-Nania's motion to amend his complaint (Doc. No. 8) without prejudice to his ability to renew his motion, within 30 days of the court's ruling on this Report and Recommendation, to address only his claims against AMC.

Phillips-Nania's Motion for Leave to File Reply (Doc. No. 24) is denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in

the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 13, 2026

cc:    Erik Phillips-Nania, pro se
       Counsel of record